Joseph E. Suarez, Esq. Assistant County Attorney, Rockland
You have requested our opinion whether an employee suggestion incentive program is constitutional under the gift and loan provisions of the State Constitution and have inquired whether the enactment of such a program is authorized by State law.
Under the program, suggestions would be invited to improve the efficiency of county government and to improve services provided to the people. Employees of the county, who are not elected officials or department heads, would be eligible for a cash award of either $500 or $1,000. The granting of awards would be made by an independent panel of five volunteers appointed by the county executive. Generally, suggestions falling within the scope of an employee's work or duties would be ineligible for consideration for an award.
In our view, an employee suggestion incentive program is authorized. Each local government, including a county, is authorized to enact local laws, consistent with the provisions of the Constitution and general State laws, relating to their property, affairs or government (NY Const, ArtIX, § 2[c]; Municipal Home Rule Law, § 10[1][i]). The proposed program may be authorized by local law in accordance with the above authorization.
Article VIII, section 1 of the State Constitution prohibits local governments and school districts from giving or loaning money or property to any individual or private entity. Cases construing this provision and a similar provision applicable to the State establish that an incidental private benefit is not enough to invalidate a project which has for its primary object a public purpose (Murphy v Erie County, 28 N.Y.2d 80, 88
[1971]; Denihan Enterprises, Inc. v O'Dwyer, 302 N.Y. 451, 458 [1951];Metropolitan Transportation Authority v Village of Tuckahoe,67 Misc.2d 895, 903 [Sup Ct, Westchester Co, 1971], affd no opinion38 A.D.2d 570 [2d Dept, 1971]; 1980 Op Atty Gen 88; 1979 Op Atty Gen 60). It appears from your description of the proposed program, that it would not constitute an unconstitutional gift of public funds. Only those suggestions having merit, in that their implementation would improve the efficiency of county government or the provision of services to the people, would be rewarded. Presumably, the county would receive a substantial benefit in return for the cash award. Suggestions falling within the scope of an employee's normal duties would be excluded from consideration for an award. Thus, an award would not be made to employees for work for which they are already being compensated.
We conclude that a county may enact a local law establishing an employee suggestion incentive program. The proposed program, as described, is constitutional under the gift and loan provisions of the State Constitution.